THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDUARDO PÉREZ COLÓN, Defendant and Appellant.

No. 16346. Submitted May 12, 1958.—Decided May 19, 1958.

*Fernando Pérez Regis, Public Defender,* for appellant. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

PER CURIAM.

Eduardo Pérez Colón was charged in the Superior Court,

Ponce Part, with a violation of § 77 of the Spirits and Alcoholic Beverages Act (13 L.P.R.A. § 1754). The trial having been held, he was convicted and sentenced to two months in jail. In this appeal he assigns the following errors: (1) "The lower court erred in admitting the evidence seized"; (2) "the lower court erred in the weighing of the evidence."

Appellant's first contention is grounded on the fact that the witness Estéfana Martínez incurred fundamental contradictions in identifying the bottle containing clandestine rum which the defendant sold to her. He is not right. The testimony of the witness, which was believed by the trial court, shows clearly that the defendant had in his possession a flask of clandestine rum, that he sold it to the witness, and that that bottle was the same bottle which the prosecution offered in evidence at the trial. Any conflict in the evidence presented by both parties was resolved by the lower court in favor of the prosecution. And here there is no basis for disturbing that determination. *People* v. *Piñeiro*, 77 P.R.R. 502, 504 (1954); *People* v. *Comas*, 75 P.R.R. 388 (1953); *People* v. *Millán*, 71 P.R.R. 410 (1950). On the other hand, the evidence does not warrant the exclusion of such evidence on the basis of the theory of entrapment. It is enough to say that no public peace officer participated either directly or indirectly in the transaction of simulated sale by which the evidence objected to was obtained. See *People* v. *Pérez*, 72 P.R.R. 809, 812 (1951); Perkins, *Criminal Law* 921–26 (1957).

The second assignment of error is without merit. There was direct evidence to establish the guilt of the defendant. This being sufficient at law to support the judgment, we will not disturb the same on appeal.

The judgment appealed from will be affirmed.